**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

WILLIAM LEE TERRELL                                                    PETITIONER
Reg. #36865-280

v.                                        2:22-cv-00193-KGB-JJV

YATES, Warden, Federal Bureau of Prisons,
Forrest City Medium Security Facility                    RESPONDENT

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge
Kristine G. Baker.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports
your objection.  Your objections must be received in the office of the United States District Court
Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

<u>**DISPOSITION**</u>

**I.      INTRODUCTION**

Petitioner William Lee Terrell, an inmate at the Federal Correctional Institution – Forrest
City Medium, brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.
(Doc. No. 1.)  He alleges President Joe Biden was not properly elected and thus has no authority
to maintain custody of him.  (*Id*. at 3.)  For relief, he asks the Court to order former President
Donald Trump returned to office or, in the alternative, that he be immediately released from
custody.  (*Id*. at 4.)  I have conducted a preliminary review of Mr. Terrell's Petition pursuant to

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  Based on that review, it plainly appears Mr. Terrell is not entitled to habeas relief.  Accordingly, I recommend the Petition be dismissed without prejudice.

## II.    ANALYSIS

Habeas corpus petitions are subject to heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  Specifically, a petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground," a standard that is more demanding than that required in ordinary civil proceedings.  *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition" without ordering a responsive pleading.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle*, 545 U.S. at 656.  To avoid summary dismissal, a petitioner must "state facts that point to a real possibility of constitutional error."  *Mayle*, 545 U.S. at 655 (quoting Advisory Committee's Note on Habeas Corpus Rule 4, p. 471).  A petition may be dismissed if the factual allegations are so palpably incredible or so patently frivolous or false as to warrant summary dismissal.  *Blackledge v. Allison*, 431 U.S. 63, 76 (1977).

Mr. Terrell's Petition fails to state facts that point to a real possibility of constitutional error.  For habeas purposes, a petitioner's custodian is the person with the ability to produce the prisoner's body before the habeas court.  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885) (a habeas proceeding is a proceeding against "some person who has the immediate custody of the party detained, with the power to produce the body

---

[1] Pursuant to Rule 1(b), the § 2254 Rules are applicable to other types of habeas corpus petitions.

of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary")).  The custodian is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Id*. at 435.  The President of the United States is not Mr. Terrell's custodian.  Therefore, even if Mr. Terrell could somehow show that President Biden was not properly elected, he would not be entitled to habeas relief – much less relief in the form of an order restoring a former President to office, which this Court clearly lacks authority to do.  It plainly appears from Mr. Terrell's Petition that he is not entitled to relief; accordingly, I recommend the Petition be summarily dismissed without prejudice.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Terrell's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 26th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE